UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Sheila D Nattiel | ) CASE NO. 17-12452-WHD |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $2,500.00 per month self-employment income (Trustee requests bank statements for Debtor's account with PNC Bank to verify) and non-filing spouse $4,000.00 per month wage income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. The Trustee requests proof of the Internal Revenue Service payment expense in the amount of $100.00 per month, proof of the home insurance expense in the amount of $325.00 per month, and proof of the non-filing spouse automobile insurance expense in the amount of $501.00 per month reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

4. The Trustee requests proof of the $360.00 per month expense for real property taxes reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

5. The Trustee requests proof that Debtor has paid the post-petition mortgage payments in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B). Pursuant to Debtor's testimony, Debtor could not recall whether these regular monthly mortgage payments are being paid.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

6. Although Debtor is self-employed, the Chapter 13 budget and schedules do not include an itemization for business expenses, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b).

7. Debtor has failed to correctly respond to Part 11 of the Statement of Financial Affairs regarding Debtor's self-employment and/or business(es), thereby preventing the Trustee from fully evaluating whether the proposed Plan complies with 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b)(1)(B).

8. The Chapter 13 petition fails to include a debt owed to Fayette County Tax Commissioner, in violation of Bankruptcy Rule 1007(a) (1) and 11 U.S.C. Section 1325(a)(3) and 1325(a)(7). Pursuant to Debtor's testimony, she was behind on her taxes at the time of filing, and she pays directly. Trustee notes that the claim for the mortgage company implies that real property taxes are escrowed.

9. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include expenses for Acceptance Now, business expenses, and taxes. 11 U.S.C. Section 1325(a)(6).

10. Pursuant to Debtor's testimony, Debtor's Schedules I and/or J fails to accurately reflect that non-filing spouse works for Coweta County as a probation officer, preventing the Chapter 13 Trustee from determining whether the Plan complies with 11 U.S.C. Sections 1325 (a)(3), (a)(6), and/or 1325(b)(1)(B).

11. The Debtor's monthly expense for the regular monthly mortgage payment is actually $2,293.62 not $2,100.00, as reflected on the Schedules. The Chapter 13 Schedules are incorrect and the Plan does not appear to be feasible in violation of 11 U.S.C. Section 1325(a)(6).

12. The Debtor's proposal to pay $2,293.62 for the regular monthly mortgage payment appears to be excessive and unnecessary for the maintenance or support of the Debtor or dependents in this zero percent (0%) composition Plan in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

13. The Debtor proposes to retain real property with pre-petition arrearage of $27,632.00, Homeowner's Association arrears of $7,058.33, and negative equity of $300,000.00, while paying unsecured creditors a zero percent (0%) dividend. Based on the foregoing, the proposed plan may violate 11 U.S.C. Section 1325 (a)(3).

14. The Debtor's Chapter 13 Plan fails to provide for an increase in plan payments when the direct payments of $100.00 per month for Internal Revenue Service payments and direct payments of $501.00 for non-filing spouse automobile payment end in possible violation of 11 U.S.C. Sections 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

15. The Debtor has failed to provide sufficient pay advice information for the Trustee to determine whether the Debtor's plan provides for the appropriate applicable commitment period. 11 U.S.C. Sections 521(a)(1)(B)(iv), 1325(a)(3), and 1325(b)(4).

16. The Chapter 13 Plan fails to treat the scheduled secured claims of Estate of South Hampton Neighborhood Association and Acceptance Now, in violation of 11 U.S.C. Sections 1322(a)(2) and/or 1325(a)(5).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jonathan S. Adams
Jonathan S. Adams
Attorney for Chapter 13 Trustee
GA Bar No. 979073

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Sheila D Nattiel | ) | |
| | ) | CASE NO.: 17-12452-WHD |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

17-12452-WHD                **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    Sheila D Nattiel
    105 Devonshire Place
    Tyrone, GA  30290

    DEBTOR(S) ATTORNEY:
    SLIPAKOFF & SLOMKA, PC
    OVERLOOK III, SUITE 1700
    2859 PACES FERRY RD, SE
    ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Monday, March 5, 2018

/s/ _____
Jonathan S. Adams
GA Bar No. 979073
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:   678-510-1444
Facsimile:    678-510-1450